```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO.  07-22899-CIV-UNGARO
                          MAGISTRATE P. A. WHITE

MICHAEL CURRY,                 :

     Plaintiff,                :

v.                             :        REPORT OF
                                        MAGISTRATE JUDGE
CAPTAIN CHRISTOPHER FORREST,   :
et al.,

     Defendants.               :
_____
```

The plaintiff Michael Curry, currently incarcerated at the Florida State Prison, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired when he was incarcerated at the Everglades Correctional Institution ("ECI"). [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

The plaintiff names the following defendants:

1.  Captain Christopher Forrest
2.  Sergeant D. Segovia
3.  Sergeant D. Montgomery
4.  Sergeant G. Diaz
5.  Sergeant T. Linero

The plaintiff alleged that on July 1, 2006, while he was incarcerated at ECI, he was called to Captain Forrest's office. When he arrived, Forrest and the other defendants were in the office. Forrest questioned the plaintiff about an incident that happened on the recreation yard earlier in the day, and the

plaintiff said he had no knowledge of the incident. Forrest then ordered Montgomery to handcuff the plaintiff and take him to confinement. The plaintiff asked Forrest why he was being taken to confinement, which angered Forrest. Forrest then repeatedly punched the handcuffed plaintiff in the face and knocked him to the ground. At that point, the other four officers beat the plaintiff, kicked him and struck him with their radios, and the plaintiff suffered severe physical injuries. The plaintiff seeks monetary damages.

Claims of excessive force by corrections officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). The plaintiff has alleged sufficient facts to state a claim for relief against all of the defendants regarding the alleged use of excessive force, as detailed above.

The Complaint proceed against all of the named defendants on the claim that they violated his Eighth Amendment right by engaging in excessive force. Personal service by the United States Marshal was ordered upon the named defendants on November 16, 2007, and summons were issued on December 3, 2007.The summons were returned un-executed for three of the five defendants, one summons was returned executed, and one summons had not been returned, as follows:

The return for Defendant Forrest states that there is no record of him at the Florida Department of Corrections, Everglades Correctional Institution (CI) or the Pre-trial Detention Center. The returns for Defendants Segovia and Diaz state that there is no record of them in the Florida Department of Corrections Region IV, and they

are not employed at Everglades CI. [1]The plaintiff was ordered to supply the Court with a current address for defendants Forrest, Diaz and Segovia. The plaintiff was cautioned that failure to provide the addresses of the above defendants shall result in their dismissal from this case.

The plaintiff failed to provide the Court with current addresses for the un-executed defendants. One of the summons had not been returned, and the Marshal was ordered to file a return for Defendant Linero. The Marshal has made several attempts and his last attempt to serve Linero, at Lake Correctional Institution was unsuccessful, and service remains un-executed.

It appears that the only return of service that has been executed in this case is upon Defendant Sgt. D. Montgomery at the Everglades Correctional Institution on January 8, 2008. The defendant has not filed an Answer, or responsive pleading as required by Fed.R.Civ.P. 12(a) within 20 days of service of the summons and complaint.

The plaintiff was ordered to file a motion for Clerk's entry of a default against Montgomery pursuant to Fed.R.Civ.P. 55(a). Such default must be requested by the plaintiff, there appearing no authority under the rule or precedent for sua sponte entry of default under such circumstances.

The plaintiff filed a motion for default and the Clerk entered a default as to Defendant Montgomery. [2]

---

[1]The return of service for defendant Diaz is incorrectly docketed as an un-executed return for defendant Forrest (DE#14)

[2]The plaintiff incorrectly attempted to include Linero in his motion for default, however service was never effected upon this defendant.

A final entry of default judgment, and possible damages, may only be entered by the United States District Judge.

The entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the amount of monetary damages requested in the complaint.[3]

It is therefore recommended as follows:

1. The only issue left to resolve in this case is the issue of whether the plaintiff should now be granted a Default Judgement, and receive monetary damages. This issue is deferred to the District Judge.

2. It is recommended that the plaintiff be permitted to file a Motion for Entry of Default Judgment against Defendant Sgt. D. Montgomery pursuant to Fla.R.Civ.P. 55(b)(2) with proof of damages. He may support his motion with a sworn affidavit based on his personal knowledge of the injuries sustained as a result of the beating he received at the hands of the defendant. He should submit proof of his damages by supporting his motion with copies of any and all medical records, photographs, etc. that were within his custody and/or control that pertain to the subject incident. If the plaintiff is unable to properly support his Motion for Entry of Default Judgment against Defendant Montgomery pursuant to Fla.R.Civ.P. 55(b)(2) the motion may be dismissed.

---

[3]Under Florida law, which is applicable to this issue in this federal lawsuit, a defendant still has the right to contest the unliquidated damages caused by his wrong, but no other issue, after a default is entered against him or her. Harless v. Kuhn, 403 So.2d 423, 425 (Fla. 1981), citing Watson v. Seat & Crawford, 8 Fla. 446 (1859); Pony Express Courier Corp. of Florida v. Zimmer, 475 So.2d 1316 (Fla. 2 DCA 1985). The damages the plaintiff seeks in this lawsuit are unliquidated. Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983)(damages are unliquidated if they cannot be ascertained without presentation of facts upon which a value judgment may be made).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 3rd day of March, 2008.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE

cc:   Michael Curry, <u>Pro Se</u>
      DC #416097
      Florida State Prison
      7819 N.W. 228 Street
      Raiford, FL 32026-3000

      Sgt. D Montgomery
      Everglades Correctional Institution
      P. O. Box 949000
      Miami, FL 33194-9000