```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  07-22899-CIV-UNGARO
                              MAGISTRATE P. A. WHITE

MICHAEL CURRY,                :

       Plaintiff,             :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
CAPTAIN CHRISTOPHER FORREST,  :       (DE#29 and 30)
et al.,

       Defendants.            :
_____
```

The plaintiff Michael Curry, currently incarcerated at the Florida State Prison, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired when he was incarcerated at the Everglades Correctional Institution ("ECI"). [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

The only return of service that has been executed in this case is upon Defendant Sgt. D. Montgomery at the Everglades Correctional Institution on January 8, 2008. The defendant failed to file an Answer, or responsive pleading as required by Fed.R.Civ.P. l2(a) within 20 days of service of the summons and complaint.

The plaintiff was ordered to file a motion for Clerk's entry of a default against Montgomery pursuant to Fed.R.Civ.P. 55(a). Such default must be requested by the plaintiff, there appearing no authority under the rule or precedent for sua sponte entry of default under such circumstances.

The plaintiff filed a motion for default and the Clerk entered

a default as to Defendant Montgomery.

A final entry of default judgment, and possible damages, may only be entered by the United States District Judge. The entry of a Clerk's Default for a defendant's failure to plead does not automatically entitle a plaintiff to the amount of monetary damages requested in the complaint. It was therefore recommended that the plaintiff be permitted to file a Motion for Entry of Default Judgment against Defendant Sgt. D. Montgomery pursuant to Fla.R.Civ.P. 55(b)(2) with proof of damages. The plaintiff was instructed that he may support his motion with a sworn affidavit based on his personal knowledge of the injuries sustained as a result of the beating he received at the hands of the defendant. He was to submit proof of his damages by supporting his motion with copies of any and all medical records, photographs, etc. that were within his custody and/or control that pertain to the subject incident. The plaintiff was cautioned that if he were unable to properly support his Motion for Entry of Default Judgment against Defendant Montgomery pursuant to Fla.R.Civ.P. 55(b)(2) the motion may be dismissed.

The Report was adopted by United States District Judge Ursula Ungaro on April 22, 2008, and the plaintiff was permitted to file a motion for entry of default. Defendant Montgomery, thru counsel, filed a an Answer to the complaint on April 30, 2008 (DE#28), and a motion to vacate the Clerk's entry of default (DE#29). The plaintiff filed a motion for default on May 12, 2008 (DE#30), and the defendant has filed a response in opposition.

Upon review of the motions and responses, it is clear that the plaintiff's motion to enter default judgment should be denied, and the defendant's motion to set aside default should be granted.

Federal Rule of Civil Procedure 55(c) allows the Court to set aside a default for good cause. <u>Bonaventure v Butler</u>, 593 F.2d 625 (5th Cir. 1979); <u>CJC Holdings, Inc v Wright & Lato Inc.</u>, 979 F.2d 60, 64 (5th Cir. 1992).  In determining the issue of good cause, the factors include whether the default was willful and whether setting aside the default would prejudice the plaintiff. The defendant has included Defendant Montgomery's affidavit in which he states that he is employed by the Florida Department of Corrections. He states that he has never been sued before and had no knowledge of the procedures to be taken. He attempted on several occasions to obtain assistance from his superiors, without success. It is also clear that this case is in the early stages and a pre-trial scheduling order has not yet been entered, thereby causing little prejudice to the plaintiff.

It is therefore recommended that Defendant Montgomery's motion to vacate clerk's default (DE#29) be granted, and that the plaintiff's motion for default judgment (DE#30) be denied, and this case be permitted to proceed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 25th day of June, 2008.

                                              UNITED STATES MAGISTRATE JUDGE

cc:   Michael Curry, <u>Pro Se</u>
      DC #416097
      Florida State Prison
      7819 N.W. 228 Street
      Raiford, FL 32026-3000

James D. Murdock II
Office of the Attorney General
Attorney of record