```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 07-22899-Civ-UNGARO
                                   MAGISTRATE P. A. WHITE
MICHAEL CURRY,            :

       Plaintiff,         :

v.                        :           REPORT OF
                                   MAGISTRATE JUDGE
SGT. D. MONTGOMERY,       :

       Defendant.         :
_____
```

## I   INTRODUCTION

This Cause came before the Court upon plaintiff's Amended Motion for Attorneys' Fees and Costs (DE#98), which was referred to the undersigned for Report and recommendation (Order, DE#100). Plaintiff, the prevailing party after a trial by jury, was ordered to supplement the amended motion with: (a) detailed itemizations pertaining hours listed for Attorneys Mazzarella and Ramos, and (b) receipts and details pertaining to listed costs; and the defendant was instructed to respond. Plaintiff's supplement with exhibits was filed (DE#103). Defendant, having filed a renewed motion for judgment as a matter of law, or in the alternative a motion for new trial on all issues (DE#101), submitted an unopposed motion (DE#108) for an extension of time to respond to defendant's amended motion for attorney's fees and costs. Specifically, in his motion (DE#108), the defendant sought an extension allowing him 10 days from the Court's entry of a ruling on his renewed motion for judgment as a matter of law, in which to file his response to the pending amended and supplemented motion for fees and costs (DE#s98 and 103). On October 9, 2009, the Honorable Ursula Ungaro, United States District Judge, entered an Order on October 9, 2009 (DE#109) denying defendant's renewed motion for judgment as a matter of law, and motion for new trial. The defendant, through counsel, was sent a copy of the Court's Order DE#109, and thereafter did not respond to plaintiff's amended motion for attorney's fees and costs.

**This Cause is now before the Court upon Plaintiff's Amended Motion for Attorney's Fees and Costs (DE#98),** in support of which he has submitted his supplementary supporting Memorandum (DE#103,

at pp.1-12), and Exhibits A-G (filed at DE#s 103-1 to 103-7). The plaintiff's exhibits are:

| | | |
|---|---|---|
| DE#103-1 | Ex.A | Proforma Bill dated 8/27/09 |
| DE#103-2 | Ex.B | Affidavit of Matthew Mazzarella, Esq. |
| DE#103-3 | Ex.C | Affidavit of Francisco Ramos, Jr., Esq. |
| DE#103-4 | Ex.D | Unsworn Declaration of Randall C. Berg, Esq. |
| DE#103-5 | Ex.E | Fiscal Year 2009 Congressional Budget Summary |
| DE#103-6 | Ex.F | 7-1-09 Order awarding Plaintiff's Atty's Fees (From: <u>Graves et al., v. Arpaio, et al.</u>; Case No. Cv-77-0479-PHX-NVW, U.S. Dist. Ct., D.Arizona) |
| DE#103-7 | Ex.G | Statements; and Order in this case Re Filing Fee:<br>* Caplan, Caplan and Caplan (Service of Summonses)<br>* New Age Images, Inc. (Exhibits, Copying and Mounting)<br>* Copy of 11/14/07 IFP Order entered in this case |

(<u>See</u> Supplement, at DE#103-1 to 103-7). In addition, the Court has for its consideration and review pertinent documents from the underlying record, which include:

Final Judgment ($50,000) in favor of Plaintiff (DE#87, entered 8/6/09)

Plaintiff's and Defendant's Exhibit Lists (DE#89, pp.1-2)

Exhibit and Witness List (DE#90)

Jury Verdict, in favor of Plaintiff (DE#94, pp.1-3, entered 8/4/09)
    ($15,000 in Compensatory Damages for Physical Injuries)
    ($10,000 in Damages for emotional pain and mental anguish)
    ($25,000 in Punitive Damages)

Transcript of Trial Proceedings, Vol. 1 (DE#95, pp.1-156)

Transcript of Trial Proceedings, Vol. 2 (DE#96, pp.1-58)

## II   DISCUSSION

### A.   Attorney's Fees

In this case, after a trial by jury that commenced on August 3, 2009, the jury returned a verdict on August 4, 2009, for the plaintiff in the amount of $50,000.00; and on August 6, 2009, the

Court entered a Final Judgment in plaintiff's favor in the amount of $50,000.00. Accordingly, the plaintiff, who is an incarcerated individual, is the prevailing party, and entitled under 42 U.S.C. §1988(b) to reasonable attorneys' fees, subject to limitations provided in the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e.

Plaintiff, through the *Proforma* Bill (Ex.A), the Affidavits of Attorneys Mazzarella and Ramos (Exs. B and C), and the Unsworn Declaration of Randall C. Berg, Esquire, executed under penalty of perjury (Ex.D), have, in consideration of principles and factors established under Hensley v. Eckerhart, 461 U.S. 461 U.S. 424 (1983); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5 Cir. 1974); Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11 Cir.1988); and Perkins v. Mobile Hous. Bd., 847 F.2d 735 (11 Cir.1988), demonstrated that, for lodestar purposes, in this case, the hours reflected on the chart for which compensation is sought (139.6 hours for Mazzarella, and 25.4 hours for Ramos), are hours reasonably expended. The record, including the attorneys' affidavits and Mr. Berg's declaration, indicate that Mr. Ramos largely supervised the work of his associate, Mr. Mazzarella, who did the bulk of the work preparing for trial and trying the case. Ramos' listed hours reflect time helping prepare trial strategies, communicating with the client (plaintiff Curry), and attending trial. Mr. Mazzarella's listed hours reflect time spent investigating facts, researching legal issues, drafting motions, meeting and communicating with his client, corresponding with opposing counsel, visiting and photographing the prison where events which were the subject of the action took place, and preparing for and attending pretrial conferences and the trial itself. Both attorneys exercised billing judgment; and Ramos has shown that he only entered time that was reasonable to further the litigation, and Mazzarella has shown that he eliminated time entries that were redundant or which were entered for the sole purpose of education. Accordingly, both attorneys appropriately divided the work among themselves, their collaboration and the contributions from each of them were necessary to the successful

3

outcome of the case in their client's favor; and the 25.4 hours for Ramos, and 139.5 hours for Mazzarella, represent hours for which the attorneys would ordinarily be paid by a reasonable client, and they should be compensated for those hours, without any reduction. See Perkins, supra, 847 F.2d at 738; Norman, supra, 836 F.2d at 1306; Jean v. Nelson, 863 F.2d 759, 772 (11 Cir. 1988).

Plaintiff's attorneys, through their respective Affidavits (Exs. B and C), Mr. Berg's Declaration (Ex.D), the Congressional Budget Summary for 2009 (Ex.E), and the opinion in Graves et al., establish that, during the time period when their representation was provided to their client, the reasonable and appropriate rate for compensation, in light of the $177.00 per hour cap established by the PLRA for such work,[1] is $177.00 per hour for Mr. Ramos [whose customary billing rate is $325.00 per hour] and $175.00 for Mr. Mazzarella, whose customary billing rate is $175.00 per hour.

In sum, it is recommended that the hours and compensation rates referenced in the motion for fees and costs, as amended, are appropriate, and that a judgment of costs which includes $4,495.80 for Mr. Ramos's time [25.4 hours at $177.00 per hour] and $24,430.00 for Mr. Mazzarella's time [139.60 hours at $175.00 per hour] should be entered.

### B. Other Costs Allowable Under Fed.R.Civ.P. 54(d), and 28 U.S.C. §1920

Rule 54(d) of the Federal Rules of Civil Procedure provides for taxation of costs against non-prevailing parties. The relevant subsection of the Rule reads, in pertinent part, as follows:

---

[1] The $177.00 hourly fee cap, which is proper and relied upon by plaintiff in his motion, is established pursuant to the following equation. The hourly rate allowable under the PLRA for a prison conditions case such as this one, is determined by finding a figure that is 150% of an hourly rate established under the Criminal Justice Act ("CJA") by the Judicial Conference. The current CJA rate is now $118.00 per hour. That rate, multiplied by a factor of 1.5, is $177.00 per hour. See Ex.E, DE#103-5, at p.4; See Martin v. Hadix, 527 U.S. 343 (1999); 18 U.S.C. §3006A; and PLRA provision 42 U.S.C. §1997e(d)(3).

> **(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...

(Fed.R.Civ.P. 54(d)(1)). The costs allowed under Fed.R.Civ.P. 54(d) are only those items specifically enumerated in 28 U.S.C. §1821, 28 U.S.C. §1920, or some other "explicit statutory or contractual authorization." Desisto College, Inc. v. Town of Howey-In-the-Hills, 718 F.Supp. 906, 911 (M.D.Fla.), aff'd, 914 F.2d 267 (11 Cir. 1990); quoting Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987); Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co., 254 F.3d 987, 1012 (11 Cir. 2001).

Here, no costs contemplated under 28 U.S.C. §1821 [which is concerned with *per diem*, mileage, and subsistence], are requested.[2] Section 1920, the costs statute, lists only six items as recoverable costs, and while those enumerated costs are not exclusive, the Supreme Court has cautioned district court judges to give costs careful scrutiny and exercise restraint with regard to costs not specifically allowed by statute. Farmer v. Arabian American Oil Co., 379 U.S. 227, 235 (1964)("We do not read [Rule 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case").

Curry, the "prevailing party" in this lawsuit, is entitled to an award of costs, as contemplated under Fed.R.Civ.P. 54(d).

Title 28, Section 1920, the statute in which allowable costs are enumerated, reads as follows:

> **§1920.  Taxation of Costs.**

---

[2]   Section 1821 currently authorizes, as it did in 2009, a $40.00 per day attendance fee to be paid to a witness in attendance at any court of the United States. It also authorizes allowances for certain travel related expenses, like mileage.

5

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### 1. Remuneration for Service of Subpoenas (Christopher Forrester, Berthony Lorfills, Carol Peterson)

Under the Category of "Litigation Expenses," and the sub-heading "Subpoena Fees," the defendants seek to recover costs for fees totaling $205.00, which were charged by Caplan, Caplan and Caplan, for service of subpoenas upon Christopher Forrest, Berthony Lorfills, and Carol Peterson, all of whom were among plaintiff's listed witnesses (see Ex.G, Caplan Statement at DE#103-7, p.1; Plaintiff's Witness List, DE#89, p.1). Fees listed for the three witnesses, are, respectively $95.00 [Forrest], $60.00 [Lorfills], and $50.00 [Peterson]. Title 28, §1920(1) permits taxing of "fees of the clerk and marshal;" and the Eleventh Circuit has held that "private process server fees" may be taxed pursuant to §1920(1), at a rate that does not exceed the statutory fees authorized in §1921 [the statutory provision concerned with United States marshal's fees]. EEOC v. W&O, Inc., 213 F.3d 600, 624 (11 Cir. 2001).

The U.S. Marshal's rate for service of process is now, and was in 2009, $55.00 per hour for each item served, plus travel costs and any out of pocket expenses. See: 28 C.F.R. §0.114(a)(3); see Mull v. Trinity Yacht Sales and Chartering, LLC, No. 07-21358-CIV, 2009 WL 4594965, at *2 (S.D.Fla. Dec. 1, 2009). Here, the record does not state how much time was spent by the private process

server effectuating service. Nor does it indicate that any of the invoiced amounts included travel costs or expenses of the process server. Under such circumstances, it is appropriate to cap the award at $55.00 for service of each subpoena, which is the amount that would be charged for service by the Marshal taking up to one hour. Here, the listed fees for subpoenas for witnesses Forrest [$95.00] and Lorfills [$60.00], which exceed $55.00, should be capped and the "costs" for them should be taxed at $55.00 each; while the entire listed fee for service of the Peterson subpoena [$50.00] should be taxed, as it is less than the Marshal's hourly rate of $55.00. Accordingly, for service of subpoenas, a total of $160.00, rather than the requested $205.00, should be allowed.

## 2. **Exhibits**

Under the Category of "Litigation Expenses," and sub-heading "Exhibits," the plaintiff in his supplementary Memo seeks to recover costs totaling $295.50. In support of this item, they submit an invoice from NEW AGE IMAGES INC., with four line items:

| 6 | CC100 | Color Copying 8½ X 10 | $ 7.50 |
| 12 | OS100 | Over Size Documents/Blue Prints Per Square Feet | $ 12.00 |
| 12 | OVERSIZE | Oversize Color Copies Per Sq.Ft. | $ 132.00 |
| 4 | BM100 | MOUNTS | $ 144.00 |

Section 1920(4) provides for "taxation of Fees for exemplification and copies of papers necessarily obtained for use in the case." [Emphasis added]. In 2000, Courts in this Circuit had held that exhibit costs were not recoverable.[3] The Eleventh Circuit, in

---

[3] In a May 2, 2000 opinion in Dictomatic, Inc., supra, the District Court for the Southern District of Florida, contemplating what costs in the case were taxable under Section 1920, ruled that "costs incurred in enlarging exhibits are not recoverable." Dictomatic, supra, 2000 WL 33115333, at *13 (citing Charter Medical Corp. v. Cardin, 127 F.R.D. 111, 114 (D.Md. 1989)).

The Eleventh Circuit, on May 30, 2000, in its opinion in EEOC v. W & O, Inc., supra, concluded that a Former Fifth Circuit opinion in Johns-Manville Corp. v. Cement Asbestos Products Co., 428 F.2d 1381 (5 Cir. 1970), was abro-

2001, again revisiting the area of the law relating to §1920(4) and taxability of exhibit costs, concluded that to the extent that oversize documents and color photographs may be interpreted to be "copies of paper," they do fall within the fourth category of items for which costs may be taxable under §1920. See Arcadian Fertilizer, L.P., supra, 249 F.3d at 1296-97. In Arcadian, when considering the issue of appellee Arcadian's entitlement to recover costs for oversize exhibits, color photographs, and more "technologically innovative" exhibits such as videotapes and computer animation, the Eleventh Circuit examined the language of §1920. In doing so, the Court concluded that the only provision in §1920 that is arguably relevant to expenses for such items is the language in §1920(4). The Court reasoned that to be taxed under that provision, an item must fit into either of two categories referenced therein, "copies of paper," or "exemplification." The Court determined that "copies of paper" means "reproduction involving paper in its various forms," and concluded, therefore, that "because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error." Arcadian Fertilizer, supra, 249 F.3d at 1296.[4] In reaching its finding that oversize

---

gated, in part, by the Supreme Court's opinion in Crawford Fitting Co., supra. EEOC v. W & O, Inc., supra, 213 F.3d at 622-23. In 1970, in Johns-Manville, the Former Fifth Circuit had held that, absent "a statutory provision for the taxation of charts and exhibits as costs," exhibits costs (for charts and models) were recoverable only if a prevailing party had received the Court's pretrial authorization to produce them. Johns-Manville, supra, at 1385. In 1987 the Supreme Court decided Crawford Fitting Co., supra, and therein held in pertinent part that Courts can tax costs only with statutory authorization. Crawford Fitting, Inc., supra, 482 U.S. at 445. Then, in 2000, guided by the Supreme Court's holding in Crawford (costs not allowed, absent statutory authority), the Eleventh Circuit in W & O, Inc., revisited its holding in Johns-Manville (allowing exhibit costs despite lack of statutory authority, it the costs were pre-authorized by the Court), and held that"exhibit costs are not taxable because there is no statutory authorization." W & O, Inc., supra, 213 F.3d at 622-23, and n.15.

[4]   The Arcadian Court, having decided that the other exhibits (video and computer animation) did not fall under the "paper" category, turned to the question whether they could be said to come under the "exemplification" category. Giving consideration to the legal meaning of the word "exemplification," and guided by the logic of the Circuit's prior opinions in Johns-Manville and W & O, Inc., which excludes physical models from the ambit of §1920(4), and being restricted by the Supreme Court's determination in Crawford Fitting that statutory authorization is an essential prerequisite to award of costs, the Eleventh Circuit determined that the "more innovative" videotape and computer

documents and color photographs fall within the ambit of §1920(4) because they are made of paper, however, the Eleventh Circuit did not hold that a prevailing party is automatically entitled to recover expended costs for all such items (oversize documents and color photographs) which arguably fall with the "copies of paper" sub-category of §1920(4). The language of the statute also requires that for a prevailing party's expenditures on such papers to be deemed taxable costs, the Court must make a determination regarding "necessity," i.e, that the items were "<u>necessarily</u> obtained for use in the case." 28 U.S.C. §1920(4). [Emphasis added]. See <u>Desisto College</u>, <u>supra</u>, 718 F.Supp. at 913 (photocopies); <u>Jamison v. Cooper</u>, 111 F.R.D. 350, 362 (N.D.Ga. 1986) (costs for diagrams and photographs allowed). It is noted that Courts in this Circuit, when weighing the question of "necessity" in regard to requests to tax expenditures on photocopies, have held that costs for photocopies made for "convenience" of counsel are not recoverable. <u>Desisto College</u>, <u>supra</u> at 913 (citing <u>Fressell v. AT&T Technologies, Inc.</u>, 103 F.R.D. 111, 116 (N.D.Ga. 1984)). By analogy, this Court finds that with regard to the question of reimbursement for color photographs, enlargements, and mounting, the same must be true, and that items should be deemed "taxable" only if the expenditure was for an item "necessarily obtained." In determining whether such expenditures were necessary, the Court finds instructive the language in an opinion from the Eastern District of Pennsylvania, <u>Farley v. Cessna Aircraft Co.</u>, No. Civ. A. 93-6948, 1997 WL 537406, at *5 (E.D. Pa. Aug 1, 1997), in which the Court reviewed a request for reimbursement of costs for preparation of 30 large posterboard exhibits for trial, including costs for printing, enlarging and mounting photographs. The Court, observing that there was a "split in the courts about the taxing of photographs" [some allowing and some denying taxation for photographs] stated that "this court believes that the better rule is to allow for the recovery of photographs and enlargements of photographs if they are reasonably necessary for the factfinder's understanding of the case." In <u>Farley</u>, the Court allowed recovery of costs for the 30 exhibits because

---

examination exhibits were neither copies of paper nor exemplification within the meaning of §1920(4), and that costs related thereto were non-taxable.

they "assisted the jury's comprehension of the subject matter." Id.

In this case, careful examination of the record, including plaintiff's motion, as amended (DE#s 98, and 103 pp.9-10); plaintiff's Ex.G (103-8 at p.2); plaintiff's trial Exhibit List (see DE# 89, pp.1 and 2, and DE#90, p.1), and the Trial Transcript (DE#95 at T/19, 22-23, 42, 45, 48-49, 62-64, 74-76, 85-88, 175, 177, and 185) reveals that, as his trial Exhibits 1-5, and 7, plaintiff introduced six photographs into evidence. These were an aerial/satellite photo of Everglades C.I. [Ex.1], three photos with views of the Captain's Office [Exs. 2, 3, 7], and two photos of injuries sustained by the Captain to his face and hand [Exs.4, 5].[5]

It is amply clear from the record that the six photographic exhibits introduced at trial (Plaintiff's Exs. 1-5, and 7, a satellite photo, three photos of the Captain's Office, and two photos of the Captain's injuries) correspond to the invoiced item for color copying of six 8½" X 10" images;, and for them, the requested amount of $7.50 should be allowed, and taxed.

In the plaintiff's motion, as supplemented, in the exhibit lists, and in the trial transcript, there is no reference whatso-ever to blue prints, and accordingly the $12.00 sought for "Over-size Documents/Blue Prints" [emphasis added] should be disallowed.

In the plaintiff's motion, as supplemented, there is no attempt to make any explanation for the necessity of the items listed as "Oversize Color Copies" and "Mounts." While the plaintiff presented six photographs at trial (as Exhibits 1-5 and 7), and the cost of the cost of six 8½ X 10 photos would clearly be "necessary." For reasons discussed below, the same cannot be said for color enlargements and mounting of them.

While the six photographs themselves clearly were "necessarily

---

[5] Plaintiff's Exhibit #6-1 was a Form or Diagram showing his injuries to the plaintiff which were found upon physical examination of him at the Emergency Room.

obtained for use in the case," and as part of the exhibits proffered at trial were helpful to the jury's understanding of the evidence and their ability to reach their verdict.  The Court, however, is to be mindful of the Supreme Court's admonition in Farmer, supra, 379 U.S. at 235, that a trial court should tax costs sparingly for items not specifically provided for by statute. There is nothing to indicate that the showing of only greatly enlarged photographs would suffice for the presentation of the plaintiff's evidence in the case (i.e., there is nothing to indicate that only by enlarging them/blowing them up, could the photographic evidence being presented be viewed and fully understood by the jury). It follows that costs of mounting could only be deemed necessary, if poster-sized images -- which required stiff backing so they would not bend -- were necessary. Accordingly, based on the record, it cannot be concluded that the cost of color enlargements and a cost for mounting were "necessary" expenses within the meaning of §1920(4). The enlargement cost ($132.00) and mounting cost ($144.00) therefore should be disallowed.

In sum, under the category of Litigation Expenses/Exhibits, it is recommended that only $7.50 for six 8x10 color photographs should be taxed; and $288.00 [for blue prints, oversize color images, and mounting] should be disallowed.

### 3.  **The Clerk's Filing Fee**

Plaintiff seeks recovery of $350.00 for the debt he incurred for the Clerk's filing fee in this case, the imposition of which he had documented in his Exhibit G (see DE#103-8, pp.3-5, which is a copy of the Court's 11/14/07 Order at DE#4 in this case). That Order granted the plaintiff leave to proceed *in forma pauperis*, without prepayment of the Clerk's filing fee, and in doing so imposed a debt by gun of $350.00 to the United States, payable to the Clerk of Court, in installments, as funds become available. Under 28 U.S.C. §1920(1), this is a taxable item. Accordingly, the amount of $350.00, corresponding to the debt incurred by the plaintiff for the Clerk's filing fee in this case, should be allowed as a taxable cost.

Telephonic inquiry to the Financial Section of the Clerk's Office revealed that to date in this case plaintiff Curry's partial payments towards the filing fee total $30.00. At such time as the he receives payment of $350.00 as the taxable cost corresponding to the debt incurred by him for the Clerk's filing fee, Curry should be required to remit payment to the Clerk of Court for any portion of the filing fee for this case which at that time remains outstanding and unpaid.

### III   CONCLUSION

It is therefore recommended: (1) that the Plaintiff's Amended Motion for Attorneys' Fees and Costs (DE#98), as supplemented (DE#103), be granted, in part, and denied, in part; (2) that in accordance with the chart provided below, (a) a total of $28,925.80 in attorneys' fees be taxed against the defendant Montgomery; (b) of $205.00 requested for service of subpoenas, $160.00 be taxed, and $45.00 be disallowed; (c) of $295.50 requested for Exhibits, $7.50 be taxed, and $288.00 be disallowed; and (d) $350.00 for the Clerk's filing fee be taxed against the defendant Montgomery.

| Description of Item | Amount Requested | Amount Allowed |
| --- | --- | --- |
| Fees of Attorney Mazzarella | $24,430.00 | $24,430.00 |
| Fees of Attorney Ramos | 4,495.80 | 4,495.80 |
| Subpoena Fees | | |
|     Witness Forrest | 95.00 | 55.00 |
|     Witness Lorfills | 60.00 | 55.00 |
|     Witness Peterson | 50.00 | 50.00 |
| Exhibits | | |
|     6 color photos (8½ x 10) | 7.50 | 7.50 |
|     Blue Prints | 12.00 | 00.00 |
|     Oversize Color Copies | 132.00 | 00.00 |
|     Mounts | 144.00 | 00.00 |
| Clerk's filing fee | 350.00 | 350.00 |

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: February 9th 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Frank Ramos, Jr., Esquire
      Matthew S. Mazzarella, Esquire
      CLARKE SILVERGATE & CAMPBELL, P.A.
      799 Brickell Plaza, Suite 900
      Miami, FL 33131


      James D. Murdock, II, Esquire
      David J. Glantz, Esquire
      Assistant Attorneys General
      OFFICE OF THE FLORIDA ATTORNEY GENERAL
      110 S.E. 6th Street, 10th Floor
      Ft. Lauderdale, FL 33301


      The Honorable Ursula Ungaro,
           United States District Judge